UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES ex rel. BRUCE CHAPMAN,[1]

                           Plaintiff,

            v.                        1:04-CV-1505

OFFICE OF CHILDREN AND FAMILY SERVICES
OF THE STATE OF NEW YORK; CORNELL
UNIVERSITY; NEW YORK STATE COLLEGE OF
HUMAN ECOLOGY AT CORNELL UNIVERSITY;
MICHAEL A. NUNNO; GWEN AMES; DENISE J.
CLARK; JANE DOES #1 through #5; JOHN DOES
#1 through #5; PETER D. MIRAGLIA; VIRGINIA
SIERRA; and THE DEPARTMENT OF FAMILY
ASSISTANCE OF THE STATE OF NEW YORK;

                           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                             OF COUNSEL:

OFFICE OF GUY L. HEINEMANN, P.C.           GUY L. HEINEMANN, ESQ.
Attorneys for Plaintiff
260 Madison Avenue
New York, New York 10016

OFFICE OF HILARY ADLER                 HILARY ADLER, ESQ.
Attorneys for Plaintiff
184 McKinstry Road
Gardiner, New York 12525

---

[1] Plaintiff brought this action on behalf of the United States of America. However, the United States declined to intervene. (Notice by U.S., Doc. No. 22.) The statute permits Chapman (as relator) to maintain the action in the name of the United States. Id.; 31 U.S.C. § 3730(b)(1). Thus, contrary to the Complaint and Amended Complaint the caption should be "United States ex rel. Bruce Chapman," and the Clerk is directed to amend the official caption accordingly.

Additionally, several defendants that appear in the official caption were not named in the Amended Complaint and, for purposes of clarity, are not listed as defendants in this caption.

CORNELL UNIVERSITY OFFICE OF
  UNIVERSITY COUNSEL
Attorneys for Defendants Cornell University, New
  York State College of Human Ecology at Cornell
  University, Michael A. Nunno, Gwen Ames,
  Denise J. Clarke, and Virginia Sierra
300 CCC Building
Garden Avenue
Ithaca, New York 14853

NELSON E. ROTH, ESQ.
VALERIE L. DORN, ESQ.

HON. ANDREW M. CUOMO
Attorney General of the State of New York
Attorney for Defendants Office of Children and
  Family Services of the State of New York, The
  Department of Family Assistance of the State
  of New York, and Peter D. Miraglia
The Capitol
Albany, New York 12224

DOUGLAS J. GOGLIA, ESQ.
NELSON SHEINGOLD, ESQ.
Assistant Attorneys General

HON. RICHARD S. HARTUNIAN
United States Attorney for the
  Northern District of New York
Attorney for Amicus Curiae The United States
  of America
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198

WILLIAM H. PEASE, ESQ.

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

Plaintiff-Relator Bruce Chapman ("plaintiff" or "Chapman") filed this qui tam action on December 30, 2004, asserting eighteen causes of action under the False Claims Act, 31 U.S.C. §§ 3729-3733.  After investigation following receipt of a proposed amended complaint, the United States filed a Notice on April 10, 2006, that it declined to intervene in

the action.  (Notice by U.S., Doc. No. 22.)  Plaintiff filed an Amended Complaint on May 5, 2006.

Defendants the Office of Children and Family Services of the State of New York ("OCFS"), the Department of Family Assistance of the State of New York, and Peter D. Miraglia ("Miraglia") (collectively "State defendants") moved to dismiss.  Defendants Cornell University, the New York State College of Human Ecology at Cornell University, Denise J. Clarke, Michael A. Nunno, Gwen Ames, and Virginia Sierra (collectively "Cornell defendants") also moved to dismiss.  Plaintiff opposed both motions.  The United States of America filed a brief as amicus curiae.  The State defendants and the Cornell defendants replied.  Oral argument was heard on March 23, 2007, in Albany, New York.  Decision was reserved.

One of the grounds upon which all defendants moved to dismiss is that these claims are barred by res judicata based upon a decision in the case of Chapman v. New York State Division for Youth (No. 1:04-CV-867).  In that case the United States Court of Appeals for the Second Circuit affirmed dismissal of plaintiffs' antitrust claims and reinstated the copyright claim against the State defendants.  Chapman v. N. Y. State Div. for Youth, 546 F.3d 230, 234 (2d Cir. 2008), cert. denied 130 S. Ct. 552 (2009).  As directed, the parties then filed supplemental memoranda of law addressing the legal effect, if any, of the Second Circuit decision on the pending motions in this case.  However, because a petition for a writ of certiorari was filed with the United States Supreme Court, the pending motions were held in abeyance.  The petition was denied on November 9, 2009.  130 S. Ct. at 552.  Thus, the pending motions are now ready for decision.

## II. **FACTS**

Chapman is president of Handle With Care Behavior Management System, Inc. ("HWC"), which markets and sells behavior management and physical restraint programs.  In the earlier action noted above, he asserted federal copyright and antitrust causes of action, as well as various state law contract and tort causes of action against various state agencies and employees, various Cornell University entities and related personnel, and a private child treatment center and its officers.  Chapman, 546 F.3d at 233.   Those claims arose from a 1997 contract between OCFS[2] and HWC under which HWC provided training for OCFS Crisis Management/Physical Restraint "master trainers" in the use of HWC's techniques over a period of twelve days.  Id. at 235.  The OCFS master trainers would then train other personnel in the techniques over the next year.  See id.  The contract provided that OCFS could reproduce the training materials provided by HWC, but at issue was the continued reproduction and use by OCFS of the HWC training materials after the end date of the contract.  See id.  The continued reproduction and use of HWC training materials was the basis for the copyright claims, which, as noted above, were reinstated by the appeals court. Id. at 239.

Additionally, sometime in 1998 OCFS allegedly began refusing to certify facilities' restraint methods (which certification was required by state law) unless the Therapeutic Crisis Intervention ("TCI") method, developed jointly by Cornell University and New York State, was used.  Id. at 235.  This alleged policy of requiring all New York State child care providers and juvenile facilities to use the TCI method foreclosed Chapman's HWC method from the

---

[2]  In 1998, the New York State Division for Youth and the State Department of Social Services were combined into OCFS.  Chapman, 546 F.3d at 233.

market, hence the antitrust claims.  As noted, dismissal of the antitrust claims was affirmed.
Id. at 239.

        In the present lawsuit, Chapman alleges five types of false claims (eighteen causes
of action) related to the TCI method and claims submitted to the United States Department of
Health and Human Services ("HHS") for reimbursement under Title IV-E of the Social
Security Act.  First, he alleges that training costs, from October 1994 through December
2005, that Cornell vouchered to OCFS, for which OCFS sought reimbursement from HHS,
were not reimbursable under Title IV-E.  Second, Chapman alleges that, notwithstanding
their  certifications that federal regulations were complied with, Cornell and OCFS violated
multiple federal regulations by ignoring market prices for such training and obtaining
approximately three times the market price in reimbursement through Title IV-E.  Third,
plaintiff alleges that multiple federal laws were violated when Cornell billed OCFS and OCFS
obtained reimbursement from HHS for "gross overcharges" in the cost of TCI training, both in
the daily fees and the required frequency for re-certification, as compared with non-OCFS
training.  Fourth, he alleges that reimbursements paid to OCFS for TCI training were unlawful
because the contracts between Cornell and OCFS were null and void, as they were not
approved by the New York State Comptroller in violation of New York law.  Finally, Chapman
alleges that the OCFS claims for reimbursement for TCI training violated a 1994 consent
entered in an earlier federal court action, United States ex rel. Denoncourt v. State of New
York, No. 92-2808 (PF) (D.D.C. 1992), under which OCFS agreed not to seek
reimbursement from HHS for costs ineligible under Title IV-E.

## III. <u>MOTION TO DISMISS STANDARD</u>

When deciding a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff's factual allegations must be accepted as true and all reasonable inferences must be drawn in favor of the plaintiff to assess whether a plausible claim for relief has been stated. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-561, 127 S. Ct. 1955, 1964-67 (2007); <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S. Ct. 1937, 1953 (2008) (holding that the pleading rule set forth in <u>Twombly</u> applies in "all civil actions").  The factual allegations must be sufficient "to raise a right to relief above the speculative level," crossing the line from "possibility" to "probability." <u>Twombly</u>, 550 U.S. at 557, 127 S. Ct. at 1966.  Additionally, "a formulaic recitation of the elements of a cause of action will not do." <u>Id</u>. at 555, 127 S. Ct. at 1965.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949 (citing <u>Twombly</u>, 550 U.S. at 556, 127 S. Ct. at 1965).  Moreover, "legal conclusion[s] couched as [] factual allegation[s]" need not be assumed as true as is required for factual allegations. <u>Id</u>. at 1949-50.

Thus, in reviewing the sufficiency of the pleading, a court first may identify legal conclusions that "are not entitled to the assumption of truth." <u>Id</u>. at 1950.  The court should then "assume [the] veracity" of "well-pleaded factual allegations . . . and determine whether they plausibly give rise to an entitlement to relief." <u>Id</u>.

## IV. <u>DISCUSSION</u>

### A. <u>State Defendants</u>

The State defendants make various arguments in support of their motion to dismiss the complaint, including that the state is not a "person" subject to qui tam liability under the

False Claims Act.  States and state agencies are not subject to liability in qui tam actions brought under the False Claims Act.  <u>Vermont Agency of Natural Res. v. U.S. ex rel. Stevens</u>, 529 U.S. 765, 787-88, 120 S. Ct. 1858, 1870-71 (2000) (noting as well "a serious doubt" as to whether such an action would "run afoul of the Eleventh Amendment").

The United States filed its initial notice of non-intervention on December 7, 2005. Chapman acknowledged that since the federal government did not intervene to become a party to the action, he was obligated to file an Amended Complaint removing the State defendants.  (Pltf.'s Letter Dec. 19, 2005, Doc. 17.)  The non-intervention of the government prompted the obligation to remove the State defendants from the complaint because of United States Supreme Court holdings that "only the Federal Government has the ability to sue a State or State Agency under the False Claims Act."  <u>Id</u>.; <u>see</u> <u>Stevens</u>, 529 U.S. at 787-88, 120 S. Ct. at 1870-71.  Additionally, Chapman noted in his Amended Complaint that in light of <u>Stevens</u> he was naming the State defendants only to preserve the issue of their potential liability "in the event that the United States intervenes in this action, <u>Stevens</u> is overruled by the Court, or, in the alternative, <u>Stevens</u> is superseded by legislation."  (Am. Compl. ¶ 12.)

As plaintiff correctly set forth in his December 19, 2005, letter, OCFS "and all employees" are not persons subject to suit under the False Claims Act.  <u>See</u> <u>Stevens</u>, 529 U.S. at 787-88, 120 S. Ct. at 1870-71.  Chapman argues that the <u>Stevens</u> Court did not hold that the Eleventh Amendment bars qui tam suits against states and therefore his suit can proceed.  The <u>Stevens</u> Court construed the statute to "avoid difficult constitutional questions" in keeping with long-standing doctrine.  <u>Id</u>. at 787, 120 S. Ct. at 1870.  Because it found that under the False Claims Act the State and its agencies were not persons subject to liability in

qui tam actions, the case was resolved and the Court did not need to reach the constitutional question of Eleventh Amendment immunity.

Chapman argues that Miraglia, in his individual capacity, is not protected by Eleventh Amendment immunity.  See Scheuer v. Rhodes, 416 U.S. 232, 238, 94 S. Ct. 1683, (1974).  However, although it is replete with allegations, the Amended Complaint sets forth no facts from which a plausible claim for relief against Miraglia, in his individual capacity, could be inferred.

Accordingly, the State defendants' motion to dismiss will be granted.

## B.  Cornell Defendants

The Cornell defendants contend, among other arguments, that the Amended Complaint fails to meet the particularity requirements of Fed. R. Civ. P. 9(b) ("Rule 9(b)").

False Claims Act claims must be stated with particularity in accordance with Rule 9(b).  Gold v. Morrison-Knudsen Co., 8 F.3d 1475, 1477 (2d Cir. 1995).  Pursuant to Rule 9(b), allegations of fraud must "'(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994) (quoting Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993)) (applying Rule 9(b) in a securities fraud case).  In the context of a False Claims Act case, the pleading must allege "facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them."  U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006) (alteration in original) (internal quotation omitted).  Additionally, a plaintiff must "allege facts that give rise to a strong inference of fraudulent

intent," Shields, 25 F.3d at 1128, although "'no proof of specific intent to defraud is required'" to state a claim, Gold, 8 F.3d at 1477 (quoting 31 U.S.C. § 3729(b)).

The 82-page Amended Complaint contains 302 paragraphs of allegations.[3]  One such allegation is that between 1994 and the present time Cornell vouchered OCFS for TCI training, and OCFS reimbursed HHS for such training, in the amount of approximately $6.5 million.  (Am. Compl. ¶¶ 146-151.)  Chapman alleges that this $6.5 million constitutes damages to the United States because the TCI training was not reimbursable under Title IV-E.  Id.  These are general allegations which fail to provide specifics as to time and place of alleged fraudulent acts and who committed such acts.  Similarly, other general allegations fail to provide required specifics, such as the allegation that Cornell charges OCFS two or three times what it charges non-OCFS entities for training, resulting in approximately $4.3 million in overcharges between 1994 and 2005.  Id. ¶¶ 152-173.  As another example, Chapman alleges that Cornell's billings and OCFS's reimbursements by HHS included excessive Facilities and Administration charges amounting to approximately $1.2 million.  Id. ¶¶ 204-209.  As these examples illustrate, specific amounts and specific dates are not alleged.  There are facts that could establish that Cornell vouchered OCFS and OCFS claimed reimbursement for training, but no facts are alleged to establish that these claims were fraudulent.  Chapman lays out what he contends is an elaborate scheme, but then "summarily concludes that the defendants submitted false claims to the government for

---

[3]  Plaintiff's Amended Complaint is an even more egregious example of a "shotgun pleading" condemned by the McInteer Court.  470 F.3d at 1354 n.6.  Two hundred forty eight (248) paragraphs precede Count One, all of which are incorporated into and realleged in the first count.  Each succeeding count likewise incorporates and realleges all of the prior paragraphs, concluding with the eighteenth cause of action alleging that all of the defendants conspired to defraud the United States.

reimbursement." <u>See</u> <u>McInteer</u>, 470 F.3d at 1359.  In sum, Chapman's Amended Complaint fails to meet the particularity requirement of Rule 9(b).

## V. <u>CONCLUSION</u>

The claims against the State defendants must be dismissed because they are not persons subject to suit under the False Claims Act.  Additionally, the Amended Complaint fails to plead with the particularity required by Fed. R. Civ. P. 9(b).

Accordingly, it is

ORDERED that:

1.  Defendants' motions to dismiss are GRANTED ; and

2.  The Amended Complaint is DISMISSED in its entirety.

The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

_____

United States District Judge

Dated:  February 16, 2010
        Utica, New York.